PER CURIAM.
This cause is before us on appeal from a final order in a workers’ compensation case wherein the deputy commissioner (the deputy) found insufficient competent evidence to support a causal connection between the accident and the neck injury. We reverse.
On May 20, 1981, claimant was injured when he fell while climbing on a flat-bed truck at a job site. Claimant was taken to the hospital and was found to have a non-displaced incomplete fracture of the left wrist. Claimant was taken to Dr. Campbell’s office, where a cast was applied. At this time, claimant did not complain of pain in his head or neck.
On June 22, 1981, claimant complained of headaches for the first time to Dr. Campbell. At this visit, claimant was released without limitation, and he began work on June 29, 1981.
On July 30, 1981, claimant went to see Dr. Gerling, complaining of headaches. At this time, claimant was informed that his treatment would not be covered by workers’ compensation. However, Dr. Gerling continued to see claimant and ran numerous medical tests. Ultimately, Dr. Gerling admitted claimant to the hospital, where, in part, claimant received physiotherapy. Claimant indicated the physiotherapy made his pain worse. Dr. Gerling and consulting physician, Dr. Bishai, concluded that there was no condition present to justify surgery.
Dr. Scales, another consulting physician, reviewed claimant’s myelogram, and determined that exploratory surgery could be entertained and that a ruptured disk between the fifth and sixth cervical vertebrae was indicated. Dr. Scales opined that claimant’s neck injury was sustained in the fall while climbing on the flat-bed truck. Dr. Scales turned claimant over to Dr. Lohse, a neurosurgeon.
Dr. Lohse performed surgery and discovered acute herniation of the C5-C6 disk, which had fragmented into the spinal canal. The disk material was removed and the vertebrae fused. Claimant's neck pain was only temporarily relieved.
In 1982, the deputy entered an order, pursuant to hearings, wherein she determined claimant injured his neck in a “work-related” accident and awarded medical and travel reimbursements and compensation. The deputy reserved jurisdiction “to determine the extent and period of such disability and for attorney fees.” The employer/carrier appealed, and this court dismissed, holding that the order was nonfinal since the reserved issues were also “ripe for determination.”
At the subsequent hearings, the employer/carrier provided a third neurologist, who opined that claimant had reached maximum medical improvement and that claimant was able to seek and perform employment. Dr. Lohse and Dr. Scales opined that claimant has a permanent partial disability but were unable to rate the disability.
Subsequently, the deputy entered an order reversing her original order, stating that there was “insufficient competent evidence to support a causal connection between the wrist injury accident and [claimant’s] subsequent complaint of neck pain.” Claimant appealed.
We reverse the final order on the ground that the deputy erroneously concluded that there was no competent, substantial evidence to support the conclusion in the non-final order entered in 1982 that the work-related accident caused the neck injury. On the contrary, Dr. Scales’ testimony provides competent, substantial evidence to establish causation. However, since there was conflicting evidence presented, the deputy could have determined that the accident was not the cause of the neck injury based on the weight of the evidence.
Accordingly, given the ambiguity of the final order, we reverse and remand for an evidentiary hearing on the issue of causation.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.