SMITH, Judge.
Claimant appeals an order of the Judge of Compensation Claims (JCC) denying her claim for benefits and payment of a hospital bill for treatment rendered on June 26, 1990. There was evidence from which the JCC could conclude that claimant sought non-emergency, unauthorized treatment at the hospital at the same time the employer/carrier (e/c) was providing her with treatment from an authorized physician, and therefore the e/c was not responsible for payment of the hospital bill. However, with respect to the denial of benefits, we must reverse because it appears that the JCC may have overlooked certain evidence in the record.
Claimant, who worked as a nurse’s aide, injured her back at work on March 19, 1990. She was seen by the company physician, Dr. Dunsworth, a family practitioner. While not expressly stated in his notes, Dr. Dunsworth apparently treated claimant for a soft-tissue injury. Claimant continued to complain of pain and muscle tightness and was referred to Dr. Eckart, an orthopedic surgeon, and Dr. DeWeese, a neurosurgeon, neither of whom found objective evidence supporting her subjective complaints. Claimant briefly returned to work on two occasions, leaving after a few hours with complaints of pain. She has remained unemployed since then, despite a job search. The e/c ceased paying benefits based upon their position that claimant had no impairment or restrictions which would preclude her return to work for the employer and that she was voluntarily limiting her employment by not returning.
At the subsequent hearing on claimant’s claim for continued benefits, the parties *741 introduced a joint exhibit which included Dr. Dunsworth’s handwritten office notes as well as the medical records of the other two doctors. Though Dr. Eckart’s deposition was taken and introduced, Dr. Duns-worth’s was not.
In his order denying further benefits, the JCC commented that Dr. Dunsworth’s office notes “are impossible of decipher in the main, but do not appear to have ever produced any objective evidence of neurological deficit.” The JCC found that claimant had been examined by two very capable doctors, both of whom opined that there was no evidence of injury or impairment and that claimant could return to work without restrictions. The JCC found further that the claimant’s complaints of pain were completely out of proportion to any medical evidence in the record. The JCC acknowledged Dr. Dunsworth’s restrictions upon claimant but commented that the doctor “appears to have placed lifting limitations on her because of her complaints alone.” Finding no evidence “that is reasonable” indicating any objective injury subsequent to Dr. Eckart’s evaluation, the JCC concluded, based upon Dr. Eckart’s opinion, that claimant had reached maximum medical improvement no later than June 5, 1990 with no permanent impairment and no limitations to her normal employment as a nurse’s aide. Based upon his finding that claimant was capable of returning to her normal employment and that such employment has at all times been available to her, the JCC concluded that claimant has voluntarily limited her income by refusing to return to work. Accordingly, he dismissed her claim.
The JCC’s order makes no reference to two significant documents in the record. One is a temporary total disability deferment request signed by Dr. Dunsworth on January 17, 1991, in which claimant sought deferment from her required repayment of government loans which she apparently received in order to complete her training as a nurse’s aide. The portion completed by Dr. Dunsworth states that claimant has been temporarily partially disabled since her accident and continuing until at least February 5, 1991. Next, there is a letter from Dr. Dunsworth dated January 18, 1991 addressed “To Whom It May Concern” stating:
Victoria Blair is temporarily, partially disabled due to chronic low back pain. She should avoid prolonged standing, sitting, bending and lifting weight over 25 pounds.
I do think that she will need to be retrained for different type of employment. She will not be able to continue as a nurse’s aide.
If more information is needed, please feel free to contact me.
Following entry of the order, claimant obtained different counsel, who filed a motion for rehearing and to reopen the record on the grounds that Dr. Dunsworth’s notes, having been placed in evidence but not considered due to illegibility, should be replaced with legible transcriptions. The claimant also requested an opportunity to take Dr. Dunsworth’s deposition due to the manifest injustice created by disposition of her claim without access to her treating doctor’s medical opinion. The JCC entered an order temporarily vacating his prior order to allow typed notes of Dr. Dunsworth to be added to the record, but denied the request to take Dr. Dunsworth’s deposition. Upon consideration of the typed records of Dr. Dunsworth, the JCC entered an order finding nothing new to change his mind and reinstated his prior order.
We find that the JCC rejected claimant’s claim for continued benefits without expressly rejecting Dr. Duns-worth’s opinion that claimant was temporarily partially disabled beginning March 20, 1990 and continuing until at least February 15, 1991, and without rejecting or commenting on Dr. Dunsworth’s letter, quoted above, indicating that claimant needs to be retrained for a different type of employment and cannot continue as a nurse’s aide. The basis for the JCC’s rejection of this evidence is not apparent in the record, and it appears the JCC may have overlooked this evidence. Moreover, though the JCC found that there is no objective evidence in Dr. Dunsworth’s *742 notes supporting injury or impairment, Dr. Dunsworth’s notes do recite objective evidence — muscle tightness and muscle spasms — which can be evidence of injury. While it is certainly true that the JCC may reject the testimony of one doctor in favor of that of another, if it appears that the JCC has overlooked or ignored evidence in the record in making a decision on which doctor’s testimony to accept, the case must be reversed and remanded for further additional findings. ATE Fixture FAB v. Wagner, 559 So.2d 635 (Fla. 1st DCA 1990). Under the circumstances presented in this case, we agree with the claimant that the JCC abused his discretion in reopening the record to allow Dr. Dunsworth’s typed notes but refusing to allow the doctor to be deposed to explain these notes. See Diamond R. Fertilizer v. Davis, 567 So.2d 451 (Fla. 1st DCA 1990).
AFFIRMED in part and REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and BARFIELD, JJ., concur.