PER CURIAM.
In this workers’ compensation case, claimant seeks review of an order denying her claim for benefits. The judge of compensation claims concluded that claimant’s low-back complaints were not “causally related to her undisputed and compensable accident of September 21, 1990,” based upon a finding that “claimant’s testimony ... as to her back having been injured in the subject accident” was not credible. While we do not disagree that the judge could reject claimant’s testimony for lack of credibility, we note that the record also contains competent, substantial evidence, not dependent upon claimant’s credibility, which would, if accepted by the judge, support a finding of compensability of the claimant’s low back condition. As the order includes no discussion of the latter evidence,[1] suggesting that such evidence was either overlooked or ignored, we reverse and remand with directions that the judge of compensation claims make additional findings of fact addressing such evidence and, if he again decides to deny the claim, explaining his reasons for rejecting such evidence. See, e.g., King v. Winn Dixie Stores Inc., 637 So.2d 66 (Fla. 1st DCA 1994); Blair v. Oakwood Park Su Casa, 606 So.2d 740 (Fla. 1st DCA 1992); Tripp v. Sheffield Steel Products, 490 So.2d 1037 (Fla. 1st DCA 1986).
REVERSED and REMANDED, with directions.
ZEHMER, C.J., and ERVIN, J., concur.
BARFIELD, J., dissents with opinion.

. For example, the order contains no findings regarding Dr. Lowell's medical records and testimony, received in evidence without objection, that the office notes of claimant’s visits indicate that claimant was complaining of increasing low back pain, and no findings regarding the tom annulus and floating fragment of vertebra at L3-4 or L4-5 levels which Dr. Lowell characterized as being indicative of recent trauma rather than degenerative disease process. Nor does the order contain any findings as to the significance of the bone scan and MRI done on claimant just prior to the September 20 accident. In addition, the record contains other evidence, apart from claimant's testimony, concerning claimant's complaints of pain in the low back that has not been addressed in the order and either accepted or rejected.